UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

WESTERN DIVISION (TOLEDO)

| | | |
|---|---|---|
| HAWAII IRONWORKERS ANNUITY TRUST FUND, on Behalf of Itself and All Others Similarly Situated, | ) ) ) ) | No. 3:10-cv-00371-JGC<br><br>Hon. Chief Judge James G. Carr |
| Plaintiff, | ) ) | CLASS ACTION |
| vs. | ) ) ) | |
| BERNARD N. COLE, et al., | ) ) | |
| Defendants. | ) ) ) | |

MEMORANDUM OF LAW IN SUPPORT OF THE HAWAII IRONWORKERS ANNUITY TRUST FUND'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF ITS SELECTION OF COUNSEL

LANDSKRONER • GRIECO • MADDEN, LLC
JACK LANDSKRONER (0059227)
1360 West 9th Street, Suite 200
Cleveland, OH 44113
Telephone: 216/522-9000
216/522-9007 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS
MICHAEL J. DOWD
DEBRA J. WYMAN
DANIELLE S. MYERS
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

[Proposed] Liaison Counsel

[Proposed] Lead Counsel for Plaintiff

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ........................................................................................................1

II.    FACTUAL BACKGROUND .......................................................................................2

III.   ARGUMENT ..............................................................................................................3

      A.     The Hawaii Ironworkers Should Be Appointed Lead Plaintiff ..............................3

            1.     This Motion Is Timely .................................................................................4

            2.     The Hawaii Ironworkers Has the Largest Financial Interest in the
               Relief Sought by the Class ...........................................................................4

            3.     The Hawaii Ironworkers Otherwise Satisfies Rule 23 of the
               Federal Rules of Civil Procedure .................................................................5

      B.     The Court Should Approve the Hawaii Ironworkers' Selection of Counsel ...........6

IV.    CONCLUSION ............................................................................................................7

The Hawaii Ironworkers Annuity Trust Fund (the "Hawaii Ironworkers"), respectfully submits this memorandum of law in support of its motion for: (1) appointment as lead plaintiff in the above-referenced action pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4; and (2) approval of its selection of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as lead counsel and Landskroner Grieco Madden, LLC as liaison counsel for the class.

## I.    INTRODUCTION

Presently pending in this district is a securities class action lawsuit (the "Action") on behalf of all persons who purchased the publicly traded securities of Dana Corporation ("Dana" or the "Company") between February 23, 2005 and October 7, 2005 (the "Class Period").  The Action alleges that defendants violated §10(b) of the Securities Exchange Act of 1934 ("1934 Act"), 15 U.S.C. §§78j(b) and 78t(a), and Securities and Exchange Commission ("SEC") Rule 10b-5, 17 C.F.R. §240.10b-5 during the Class Period.

In actions asserting securities claims, the PSLRA requires district courts to appoint as lead plaintiff the "members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."  15 U.S.C. §78u-4(a)(3)(B)(i).  The "most capable" plaintiff, *i.e.*, the lead plaintiff, is the "person or group of persons" that timely demonstrates they have "the largest financial interest in the relief sought by the class" and "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I). The Hawaii Ironworkers believes it is the presumptively most adequate plaintiff.

The Hawaii Ironworkers has timely filed its motion, demonstrated its financial interest, established its *prima facie* typicality and adequacy at this stage and selected capable counsel on behalf of the class.  *See* §III.A, *infra*.  As such, the Hawaii Ironworkers' motion should be granted.

- 1 -

## II.    FACTUAL BACKGROUND

This securities action names as defendants Bernard N. Cole ("Cole"), William E. Hennessy ("Hennessy"), Douglas W. Hodge ("Hodge") and Robert E. Steimle ("Steimle") (collectively "defendants"), each of whom served during the Class Period as a senior insider in Dana's Heavy Vehicle Technologies and Systems Group ("Heavy Vehicle Group") and/or its Commercial Vehicle System ("CVS") division.  This action arises out of a fraudulent scheme and wrongful course of business whereby defendants caused Dana to issue false financial statements for fiscal 2004 and the first two quarters of 2005.

By at least February 23, 2005 and continuing through the end of the Class Period on October 7, 2005, defendants fraudulently manipulated the reported earnings and financial performance of the Heavy Vehicle Group and its CVS division, which conduct was designed to and did cause Dana to issue false releases and file false reports with the SEC.

Defendants caused Dana to falsify its financial results during the Class Period by, among other things, utilizing sham transactions, creating and disseminating false invoices, failing to record steel surcharges and improperly recognizing revenue on price increases not agreed to by Dana's customers.  Defendants' actions caused Dana to materially overstate the Company's reported earnings by as much as 38% during the Class Period.

In September 2005, the price of Dana's securities dropped precipitously as the truth about Dana's actual operating performance began to reach the market.  Thereafter, Dana admitted that its results for fiscal year 2004, first quarter 2005 and second quarter 2005 had been falsified and that the quarterly profits defendants caused Dana to report during the Class Period had been overstated due to defendants' misconduct.

On March 3, 2006, the Company was forced to file for protection under the U.S. Bankruptcy Code.  Prior to filing for bankruptcy, in February 2006, the Company disclosed that the SEC had

commenced a formal investigation into Dana's accounting practices.  On September 11, 2009, the SEC announced that Dana had consented to the entry of a cease-and-desist order that outlined a fraudulent scheme committed by defendants as well as the dearth of Dana's financial safeguards that should have prevented the malfeasance.  That same day, the SEC filed a civil action against defendants outlining their accounting manipulations and the resulting inflation of Dana's reported financial results.  Defendants agreed to settle these claims with the SEC, paying a total of almost $400,000 in disgorgement, pre-judgment interest and civil penalties.  As part of the settlement, Hodge and Cole were also barred for five years from serving as officers or directors of any public company.

Plaintiff and the class have suffered hundreds of millions of dollars in damages as they purchased Dana securities at artificially inflated prices and the price of Dana's common stock – which traded as high as $16.72 during the Class Period – fell to $6.04 per share on October 7, 2005.

## III.    ARGUMENT

### A.    The Hawaii Ironworkers Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the 1934 Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i).  First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint.  15 U.S.C. §78u-4(a)(3)(A)(i).  Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that –

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). The Hawaii Ironworkers meets each of these requirements and should therefore be appointed as lead plaintiff.

### 1. This Motion Is Timely

The notice published in *Investor's Business Daily* in this Action advised class members of: (1) the pendency of the action; (2) the claims asserted therein; (3) the proposed class period; and (4) the right to move the Court to be appointed as lead plaintiff within 60 days from February 22, 2010 or April 23, 2010. *See* Declaration of Darren J. Robbins in Support of Hawaii Ironworkers' Motion for Appointment as Lead Plaintiff and for Approval of Its Selection of Counsel ("Robbins Decl."), Ex. A.[1] The Hawaii Ironworkers' motion is therefore timely. 15 U.S.C. §78u-4(a)(3)(A).

In addition, the Hawaii Ironworkers has submitted a sworn certification confirming its willingness and ability to serve as lead plaintiff. *See* Robbins Decl., Ex. B. Thus, the Hawaii Ironworkers has complied with the PSLRA's procedural requirements and is entitled to be considered for appointment as lead plaintiff.

### 2. The Hawaii Ironworkers Has the Largest Financial Interest in the Relief Sought by the Class

During the Class Period, the Hawaii Ironworkers lost approximately $27,000 due to defendants' misconduct. *See* Robbins Decl., Ex. B. To the best of its counsel's knowledge, there are no other applicants who have sought appointment as lead plaintiff who have a larger financial

---

[1] "*Investor's Business Daily* is a widely circulated national business-oriented wire service." *Malhotra v. Equitable Life Assurance Soc'y of the United States*, 2003 U.S. Dist. LEXIS 26420, at *8 (E.D.N.Y. 2003); *Lax v. First Merchants Acceptance Corp.*, 1997 U.S. Dist. LEXIS 11866, at *15 (N.D. Ill. 1997) (same).

interest.  Therefore, the Hawaii Ironworkers satisfies the PSLRA's prerequisite of having the largest financial interest.

### 3.    The Hawaii Ironworkers Otherwise Satisfies Rule 23 of the Federal Rules of Civil Procedure

In addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  "In selecting the lead plaintiff under the PSLRA, however, typicality and adequacy of representation are the only relevant considerations." *In re Motorola Sec. Litig*., 2003 U.S. Dist. LEXIS 12651, at *10 (N.D. Ill. 2003) (explaining that a "wide-ranging analysis of the Rule 23 factors should be left for consideration of a motion for class certification").

Rule 23 of the Federal Rules of Civil Procedure requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)-(4).  "A claim is typical if 'it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory.'" *Beattie v. CenturyTel, Inc*., 511 F.3d 554, 561 (6th Cir. 2007) (citation omitted).  "The adequacy inquiry under Rule 23(a)(4) serves to uncover conflicts of interest between named parties and the class they seek to represent. . . . '[A] class representative must be part of the class and "possess the same interest and suffer the same injury" as the class members.'" *Amchem Prods. v. Windsor*, 521 U.S. 591, 625-26 (1997) (citations omitted).

Here, the Hawaii Ironworkers satisfies the typicality requirement for purposes of selecting a lead plaintiff because, like other class members, it: (1) purchased Dana publicly traded securities during the Class Period; (2) paid allegedly inflated prices because of claimed false and misleading statements by defendants; and (3) thereby suffered damages.  These are the "same allegation[s] any

- 5 -

other class member would bring against [defendants], and therefore resolution of [defendants']

liability under [§10(b)] with regards to the [Hawaii Ironworkers'] claim[s] will also resolve the

[defendants'] liability as to claims brought by other class members." *Beattie*, 511 F.3d at 561-62.

As such, the Hawaii Ironworkers is typical of the class at this stage.

In addition, the Hawaii Ironworkers has demonstrated its adequacy because, as described

herein, it selected counsel which are "'experienced practitioner[s] in this area.'" *Beattie*, 511 F.3d at

563 (citation omitted); *see* §III.B, *infra*.  Further, the interests of the Hawaii Ironworkers is "not

antagonistic to those of the class members" "because there is no indication of a conflict of interest

between the [Hawaii Ironworkers] and the class members." *Beattie*, 511 F.3d at 563.  Finally, as an

institutional investor with significant losses, the Hawaii Ironworkers has a sufficient interest in the

outcome of the case to ensure zealous advocacy on behalf of the class.

In sum, the Hawaii Ironworkers satisfies the requirements of Fed. R. Civ. P. 23 for the

purposes of this Motion.

### B.    The Court Should Approve the Hawaii Ironworkers' Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to

this Court's approval.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).  This Court should not disturb the lead

plaintiff's choice of counsel unless it is necessary to "protect the interests of the class."  15 U.S.C.

§78u-4(a)(3)(B)(iii)(II)(aa).  The Hawaii Ironworkers has selected Robbins Geller to serve as lead

counsel and Landskroner Grieco Madden as liaison counsel.

Robbins Geller, a 180-lawyer firm with offices nationwide, is actively engaged in complex

litigation, particularly securities litigation.  *See* Robbins Decl., Ex. C.  Robbins Geller's reputation

for excellence has been repeatedly noted by district courts throughout the country and has resulted in

the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action

securities cases.  Indeed, Robbins Geller attorneys are responsible for attaining the largest securities

fraud class action recovery ever, as well as the largest recoveries in the Fifth, Sixth and Eighth Circuits. *See In re Enron Corp. Sec.*, Case No. H-01-3624 (S.D. Tex.) (Harmon, J.) ($7.3 billion recovery for the class is largest in U.S. history and in the 5th Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, Case No. C2-04-00575 (S.D. Ohio) (Marbley, J.) ($600 million recovery for the class was, at the time, the 10th largest in U.S. history and is still the largest recovery ever in the 6th Circuit); *In re UnitedHealth Group Inc. Sec. Litig.*, Case No. 0:06-cv-01691 (D. Minn.) (Rosenbaum, J.) ($925 million recovery for the class and the 10th largest recovery in U.S. history).

The experience, resources and synergies which Robbins Geller and Landskroner Grieco Madden will bring to this Action if appointed as lead and liaison counsel on behalf of the class will ensure the class' interests are responsibly and vigorously advanced. Thus, the Court may be assured that in the event this Motion is granted, the members of the class will receive the highest caliber of legal representation available from Robbins Geller and Landskroner Grieco Madden. *See* Robbins Decl., Exs. C, D. Accordingly, the Hawaii Ironworkers' selection of counsel should be approved.

## IV. CONCLUSION

The Hawaii Ironworkers has satisfied each of the PSLRA's requirements for appointment as lead plaintiff. As such, the Hawaii Ironworkers respectfully requests that the Court appoint it as Lead Plaintiff, approve its selection of counsel, and grant such other relief as the Court may deem just and proper.

DATED: April 23, 2010

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS
MICHAEL J. DOWD
DEBRA J. WYMAN
DANIELLE S. MYERS

s/ DARREN J. ROBBINS
DARREN J. ROBBINS (*Pro Hac Vice*)

- 7 -

518990_1

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
E-mail:  darrenr@rgrdlaw.com
E-mail:  miked@rgrdlaw.com
E-mail:  debraw@rgrdlaw.com
E-mail:  danim@rgrdlaw.com

[Proposed] Lead Counsel for Plaintiff

LANDSKRONER • GRIECO • MADDEN, LLC
JACK LANDSKRONER (0059227)
1360 West 9th Street, Suite 200
Cleveland, OH  44113
Telephone:  216/522-9000
216/522-9007 (fax)
E-mail:  jack@landskronerlaw.com

[Proposed] Liaison Counsel

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 23, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on April 23, 2010.

<u>s/ DARREN J. ROBBINS</u>
DARREN J. ROBBINS

ROBBINS GELLER RUDMAN
    & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:  darrenr@rgrdlaw.com

# Mailing Information for a Case 3:10-cv-00371-JGC

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Ralph DeNune , III**
  rdenune@lydymoan.com

- **Michael J. Dowd**
  miked@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Catherine H. Killam**
  killam@mchughlaw.com,patricia@mchughlaw.com

- **Jack Landskroner**
  jack@lgmlegal.com,debra@lgmlegal.com

- **Randall S. Levine**
  randalllevine@levine-levine.com

- **Carl E. Poli**
  carl.poli@stonemcguire.com

- **Darren J. Robbins**
  e_file_sd@rgrdlaw.com

- **Theodore M. Rowen**
  trowen@snlaw.com,ckujawa@snlaw.com

- **Michael L. Siegel**
  michael.siegel@stonemcguire.com

- **Debra J. Wyman**
  debraw@rgrdlaw.com,hectorm@rgrdlaw.com,miked@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)