IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Hawaii Ironworkers Annuity　　　　　　　　　　　　Case No. 3:10CV371
　　Trust Fund,

　　　　　　　Plaintiff

　　　v.　　　　　　　　　　　　　　　　　　　　　　　　**ORDER**

Bernard N. Cole, *et al.*,

　　　　　　　Defendants

　　　This is a suit by former shareholders of the Dana Corporation against three of the company's former officers. The gravamen of the complaint is that the three defendants worked together to falsify financial information about the financial circumstances of an important Dana unit. That misinformation contributed to overly optimistic public statements by Dana officials.

　　　In time, Dana acknowledged the falsity of its earlier statements. It also restated past financial reports and amended its related SEC filings. Thereafter the company filed a bankruptcy petition.

　　　Plaintiff's suit contends defendants are primarily liable to them for the role their misconduct played in ensuing events. Defendants assert that, because they never made any statements to the investing public, no one could have relied on any statements by them. Plaintiff, they contend, improperly seeks to find them primarily liable on the basis that they aided and abetted others in perpetrating a fraud on the investing public.

　　　Defendants moved to dismiss. I denied that motion, stating, in part:

> Defendants contend that they were mere aiders and abettors who merely assisted the fraud perpetrated by their superiors. Viewed, however, most favorably to the plaintiff, the complaint bears a contrary reading: namely, that those who spoke directly to the investing public merely conveyed to the public the defendants'

>conduct that was at the heart of the fraud. While defendants' superiors could have snuffed out what the defendants had started, the fact that they did not do so does not relieve defendants of exposure to culpability as primary participants, even if they and their role was hidden in the shadows from investors' eyes.
>
>\*\*\*\*\*
>
>The complaint here alleges more than mere incidental and insignificant help in creating the falsely bright picture that others presented to the public. According to the complaint, the defendants sketched out and helped fill in that picture during the entire period it was on display. If the jury finds truth in the plaintiff's allegations, it might also find that, but for the defendants' handiwork, the public all along would have seen the real Dorian Gray.

*Hawaii Ironworkers Annuity Trust Fund v. Cole*, 2011 WL 1257756, \*8 (N.D. Ohio).

Pending are defendants' motions to certify my decision for interlocutory appeal under 28 U.S.C. § 1292(b). (Docs. 82, 84). For the reasons that follow, I decline to do so.

### Discussion

A district court may enter an order of certification under § 1292(b) where it finds: 1) the decision sought to be reviewed involves a controlling issue of law; 2) there is substantial ground for difference of opinion regarding that issue the opinion adjudicates; and 3) immediate appeal would materially advance the litigation's ultimate termination. *E.g., In re Baker & Getty Financial Services*, Inc., 954 F.2d 1169, 1172 (6th Cir. 1992); *League of Women Voters of Ohio v. Blackwell*, 2006 WL 1580032, \* 1 (N.D. Ohio 2006).

Defendants have shown the first ground: if I granted the motion to certify and the court of appeals accepted the appeal and overruled my decision, the case would be over.

With regard to the second element – namely, *substantial* ground for disagreement – I agree that reasonable jurists might reach a different conclusion. But, for the reasons I discussed at length in my order denying the motions to dismiss, I believe the factual circumstances of this case, as alleged in the complaint, distinguish the defendants' conduct from non-actionable aiding and abetting.

To be sure, this is a close case. But that fact alone is not enough to certify a decision for interlocutory appeal. If it were, such appeals would be, contrary to fundamental principles of appellate review, commonplace. Many, many motions to dismiss raise issues purely of law, and often that law is far from entirely clear. So ultimate reversal is often a possibility as to decisions denying motions to dismiss.

Whenever a District Judge overrules a motion to dismiss involving issues of law as to which fair dispute and disagreement are possible, the prospect of allowing interlocutory review is tempting. Appellate endorsement of the ruling before all the work that ensues – discovery, motion practice, trial – would confirm the sure and certain usefulness of that work.

But intervening interlocutory appeal is not without its price. Work on the case stops. When the appellate court affirms the denial of a dismissal motion and the case returns to resume again, much time has been lost, and all the work the defendants sought to avoid by interlocutory appeal remains to be done.

Even where a district court approves interlocutory review, as I did in *League of Women Voters, supra*, accomplishment of its purposes is not guaranteed. That case involved a broad-scale election year challenge to how Ohio and its eighty-eight county boards of elections conduct elections. After overruling a motion to dismiss, I certified the appeal, hoping for expedited review and a prompt decision. I wanted to be able, if the Circuit affirmed my decision, to proceed expeditiously to a final decision on the merits, and to do so in sufficient time to allow review of such decision before the election occurred the following November.

There could hardly be a case raising more important issues than those in that case.

Instead of responding with the guidance I and the parties so earnestly sought, the Circuit, though it accepted the appeal, did not rule (upholding my denial of the motion to dismiss) until

several months after the election. By hindsight, I should have proceeded to address and adjudicate the merits, instead of allowing the interlocutory appeal.

Unlike that case, this case involves a putative class of investors seeking recovery from former corporate officers. The litigation means much to those directly affected, but little, if anything, to anyone else.

Unlike many class actions brought by unhappy investors, this litigation is not likely to be disruptive of the present company's affairs. It may be called on to produce pertinent records, but few, if any, of its current officers and employees are likely to be witnesses for either side.

Finally, I doubt that imposing the further delay of an interlocutory appeal – which the Circuit might well not accept for hearing – would materially advance ultimate determination of this litigation. That would occur only if the court reversed my order. If the court accepted the appeal only to affirm my order, movement of this case, based on events occurring several years ago, towards termination would simply have been further delayed.

It is, therefore,

ORDERED THAT defendants' motion for § 1292(b) certification be, and the same hereby is denied.

So ordered.

/s/James G. Carr
United States District Judge